```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,              MEMORANDUM AND ORDER
                                        98-CV-4953 (JS)(ETB)
        -against-

WILLIAM JR ROMAN a/k/a WILLIAM ROMAN,

                Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:          Douglas M. Fisher, Esq.
                        Solomon & Solomon
                        Five Columbia Circle
                        P.O. Box 15019
                        Albany, NY 12203

For Defendant:          William Roman, Pro se
                        328 Brook Ave.
                        Bayshore, NY 11706
```

SEYBERT, District Judge:

Presently pending before the Court is a motion made by pro se Defendant William Roman ("Defendant") to vacate the default judgment against him, which was entered by Order dated January 22, 1999. For the reasons discussed herein, the motion is DENIED.

BACKGROUND

As noted, a default judgment was entered against Defendant by Order dated January 22, 1999 in the amount of $6,537.28, plus interest. On November 16, 1999 an Order correcting the judgment was issued. Throughout the years, Plaintiff United States of America made many motions for writs of garnishment. Notably, Defendant had never appeared before this Court until January 2, 2008, nearly nine years after the judgment of default

had been entered. Defendant's sudden appearance was in response to a motion for a writ of garnishment filed by the United States on November 20, 2007. The latest motion for a writ of garnishment was ultimately terminated when the United States learned that the garnishee, Citibank, did not have any open accounts belonging to Defendant. This latest motion, however, prompted Defendant to file the pending letter motion to vacate the 1999 default judgment.

The docket reflects that Defendant was served with the Complaint in this action, as well as every subsequent filing. In fact, a January 4, 1999 letter from counsel to the United States indicates that it had been in contact with Defendant in an attempt to work out an acceptable payment plan, but no agreement was reached. (Electronic Docket Entry January 7, 1999.) Accordingly, Defendant's default was noted on January 22, 1999, and the default judgment followed. Defendant now contends that (1) pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5), the Court lacks personal jurisdiction over him, (2) Defendant "maintains pre-post judgment violation of the FDCPA, Title 15, Commerce and trade Consumer Credit Protection Subchapter V", and (3) Defendant's rights under "USC Title 50, Soldiers and Sailors Acts were ignored in the pre-judgment collection activity." (Def.'s Letter Mot.)

## DISCUSSION

Although not expressly stated, the Court construes Defendant's motion as one to vacate the default judgment pursuant

to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. More specifically, the substance of Defendant's letter motion is that his rights were violated because the United States did not comply with Rules 12(b)(4) and (5), which deal with insufficient process and insufficient service of process, respectively, and therefore, this Court lacked jurisdiction to issue the default judgment against him. Accordingly, the Court analyzes Defendant's motion pursuant to Rule 60(b)(4).

I. Legal Standard

Pursuant to Rules 55(c) and 60(b), the Court may set aside a default judgment when, among other things, the judgment is void. Fed. R. Civ. P. 60(b)(4); see also Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005). "A judgment is void under Fed. R. Civ. P. 60(b)(4) if it is entered by a court against a party over whom it lacks personal jurisdiction. Velez v. Vassallo, 203 F. Supp. 2d 312, 317-18 (S.D.N.Y. 2002). Before a court can acquire personal jurisdiction to render a valid personal judgment against a defendant, due process requires that the defendant receive adequate notice through valid service of process." Fifth Third Bank v. Mytelka, No. 05-MC-0052, 2008 U.S. Dist. LEXIS 63435, at *5 (E.D.N.Y. Aug. 16, 2008). "In all challenges to the sufficiency of process, the burden of proof lies with the party raising the challenge . . . . Any objections to the service of process must be specific and identify in what manner the

utilized service of process rules were not satisfied." Callahan v. Consol. Edison Co. of New York, Inc., No. 00-CV-6542, 2001 U.S. Dist. LEXIS 12692, at *8 (S.D.N.Y. Aug. 9, 2001) (internal quotation marks and citations omitted). Once this burden has been met by Defendant, the burden shifts to Plaintiff to show "effectiveness of service." Id.

Here, however, Defendant has not met his initial burden of specifying in what manner service was insufficient. Quite literally, the full text of Defendant's motion with respect to insufficient service reads as follows:

> In addition pro se counsel 'defendant' maintains his right to 'due process' guaranteed by the 5th ans [sic] 14th Amendments to the constitution of these United States were substantially impaired in violation of F.R.C.P. Rules 12(b)5, 12(b)4 [sic]. Due to the Courts lack of Personal Jurisdiction (In Personam), as promulgated by Rule 12(b)2 undermining the courts [sic] ability by operation of law to render such said judgment.

(Def.'s Letter Mot.) Defendant's motion, which is slightly over one page in length, fails to indicate in what matter service was deficient or any details surrounding his contention that service was somehow insufficient almost a decade ago.

Furthermore, the United States has provided sufficient evidence to show effectiveness of service. See Polygram Merchandising, Inc. v. New York Wholesale Co., 2000 U.S. Dist. LEXIS 166, 2000 WL 23287, at *2 (S.D.N.Y. Jan. 13, 2000) ("An affidavit of service constitutes prima facie evidence of effective

4

service."). Counsel for the United States filed an Affidavit of Service, dated August 27, 1998, indicating that the Summons and Complaint were served upon Defendant at 21 Beech Street, Bay Shore, NY 11706 on such date. (Docket Entry 2.) Additionally, counsel affirms that Defendant was in contact with Plaintiff shortly after the Complaint was served in an attempt to work out a payment plan. The United States sent a financial disclosure on September 10, 1998 to Defendant at 21 Beech Street, Bay Shore, NY 11706, which was completed, albeit with discrepancies, and returned to the United States by Defendant. (Pl.'s Opp. ¶ 7.) A few months later, in response to a restraining notice sent to Defendant on February 19, 1999, Defendant sent the United States a letter indicating a return address of 21 Beech Street, Bay Shore, NY 11706, the address at which he was served. (Id.) Defendant has made payments to the United States over the years, the last one of which was made on November 9, 2006. (Id. ¶ 9.) Unlike Defendant, therefore, the Court finds that the United States has provided sufficient evidence that service was effective and the default judgment is not void.

The remainder of Defendant's claims are conclusory, without factual support, and have no bearing on the default judgment that Defendant seeks to have set aside. Accordingly, the Court finds Defendant's remaining arguments without merit.

## CONCLUSION

For the foregoing reasons, Defendant's motion to vacate

the default judgment against him is DENIED.  This action is to remain CLOSED and all pending motions are to be TERMINATED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September 22 , 2008